WARNER *vs.* WHEELER.

There are cases where, from the fraud practised by the seller of property, the purchaser, at his option, may rescind, and, by an action of *indebitatus assumpsit,* recover back the purchase money ; or by an action of deceit, or some other proper action, recover his damages; but can in no case maintain an action of *indebitatus assumpsit* for the consideration paid, without a previous offer to the seller to rescind, and a demand of the sum paid for the property.

THIS  was an action of *assumpsit* on a contract for an exchange *Franklin,* of horses.   The declaration stated, that on the twenty-fifth day of December, November, 1810, at ————, the plaintiff, at the special instance 1813. and request of the defendant, delivered to the defendant a certain gray mare, which was well and sound, and of the value of one hundred dollars, and  paid the defendant five dollars in cash as boot.—— And that the defendant delivered to the plaintiff in exchange, a certain sorrel mare of the defendant, which the defendant then and there warranted and delivered to the plaintiff as being entirely sound and free from any disease or blemish.—That said sorrel mare was at the time of the said warranty and delivery wholly unsound and of no value.—That she had a disease commonly called the consump tion, which was well known to the defendant, and wholly unknown to the plaintiff.—That she died of said disease.—Whereby the plaintiff wholly lost the said sum of one hundred dollars the value of his said gray mare, together with the said sum of five dollars so paid as boot as aforesaid.   The declaration then proceeded,—"Whereupon the defendant became liable to pay to the plaintiff the said sum,

*Franklin,*
*December,*
*1813.*

Warner
*vs.*
Wheeler.

being one hundred and five dollars, and, being so liable, did assume"—concluding in the usual form of *indebitatus assumpsit.*

Plea—*The General Issue.*

*Aldis,* for the plaintiff.

*Van Ness,* for the defendant.

On trial, the counsel for the defendant insisted that the plaintiff had not supported his action, on the ground that it was in substance an action of *indebitatus assumpsit,* to recover back the price given for the defendant's mare, or, at least, to recover the value of the plaintiff's mare and the sum of five dollars paid by the plaintiff as boot money, and could not be maintained unless the plaintiff had a right to rescind, and had in due season offered to the defendant to rescind, and to return to him what he had received.

The Court overruled the objection, with liberty to the defendant to move for a new trial. The Jury returned a verdict for the plaintiff. Afterwards,

*Van Ness,* for the defendant, moved for a new trial, with leave to move in arrest of judgment for the insufficiency of the declaration, should the Court refuse a new trial.

*By the Court.* It is settled, that on a contract for the sale of property, an action of *assumpsit* will lie, on a warranty made at the time of sale, or an action of deceit for a fraud in the sale. And there are cases, where, from the fraud practised by a seller, the purchaser has a right to rescind and demand back the consideration paid. And in such case it is always at the option of the purchaser, whether he will rescind the contract, or affirm it ; and seek redress by an action of deceit or some proper action to recover his damages. But if the purchaser choose to put an end to the contract, and in an action of *indebitatus assumpsit* to recover back the consideration paid, he must, in due time, offer the seller to rescind the contract, and demand a repayment of the purchase money.

In this case it does not appear that the plaintiff has ever offered to rescind the contract, or demanded a repayment of the purchase money. There is therefore no doubt, that, in this case, *indebitatus assumpsit,* either for money had and received, or for goods sold and

delivered, cannot be maintained; and the only question is, whether *Farnklin,* this is an action on the warranty to recover damages, or an action of December, 1813. *indebitatus assumpsit* to recover back the consideration. The Court give no opinion whether the declaration be good or sufficient on either ground. But they think the declaration is to be considered as in *assumpsit* on the warranty. The plaintiff properly gave evidence of the damages which he had sustained by the unsoundness of the horse which he received in exchange.—In doing this it was unavoidable to take into consideration what he gave in exchange· The motion for a new trial cannot prevail.

*Van Ness* then filed a motion in arrest of judgment for the insufficiency of the declaration.